# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDALL L. WOODRUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00859-TWP-MJD |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant American Mutual Insurance Company's ("American Family") Motion for Summary Judgment. (Dkt. 55). Plaintiff Randall Woodruff (the "Trustee") brings this claim on behalf of the bankruptcy estate of Jacob Key ("Mr. Key"), alleging that American Family breached the terms of an insurance contract and its duty of good faith. American Family has also filed a Motion to Strike Plaintiff's Designation of Matters (Dkt. 66). For the reasons set forth below, the motion to strike is **DENIED**, and American Family's motion for summary judgment is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

This case originated with an automobile accident. On or about August 11, 2008, Dewayne Hamilton ("Mr. Hamilton") was riding a motorcycle when he collided with a motor vehicle driven by John Owens ("Mr. Owens") in Madison County, Indiana. Mr. Hamilton claimed that Mr. Key was stopped in a line of traffic in the right most lane of southbound State Road 9 near Pendleton, Indiana, while Mr. Owens was eastbound on Market Street at its intersection with State Road 9, intending to turn left and proceed north on State Road 9. Mr.

1

Key and Mr. Owens were friends. Mr. Key waved to Mr. Owens to indicate that traffic was clear so that Mr. Owens could make his left turn and proceed north. At the same time, Mr. Hamilton was proceeding south in the left most lane of southbound State Road 9. As Mr. Owens pulled forward in preparation to make the turn to head northbound, Mr. Hamilton struck Mr. Owens' truck. Hamilton was seriously injured as a result of Mr. Key's alleged negligence in erroneously signaling to Mr. Owens that the roadway was clear.

At the time of the accident, Mr. Key was driving a pick-up truck and trailer owned by Ted J. Brown, Sally A. Brown (the "Browns"), and/or T&J Plumbing ("TJ"). American Family had issued an automobile policy of insurance (the "Insuring Agreement") for the truck to or on behalf of the Browns, with a bodily injury liability limit of $250,000.00 per person per occurrence. The Insuring Agreement specifically provided that American Family would insure for the coverage and the limits of liability shown in the declaration of the policy. The liability coverage provision of the policy also stated, "We will defend any suit or settle any claim for damages payable under this policy as we think proper. HOWEVER, WE WILL NOT DEFEND ANY SUIT AFTER OUR LIMIT OF LIABILITY HAS BEEN PAID." Dkt. 57-1 at 4 (emphasis in original).

On March 10, 2009, attorney Brent Threlkeld ("Mr. Threlkeld") was retained by American Family to represent Mr. Key, as well as the Browns. On May 20, 2009, Mr. Hamilton made a demand for the policy limits to American Family. In response, on May 26, 2009, staff counsel for American Family, Jeff Bick ("Mr. Bick") sent a reservation of rights letter to Mr. Key advising him that Mr. Hamilton was seeking an unspecified amount of damages, that such damages could exceed the limit of liability of the policy, and that American Family reserved its right to limit its liability to the limits stated in the policy.

On November 13, 2009, Mr. Key filed a motion for summary judgment on the basis that he owed no duty to Mr. Hamilton, but only a duty to Mr. Owens, the driver he waved into the roadway. Prior to the trial court's ruling, the parties attempted to settle the case in mediation on January 27, 2010. Mr. Key did not participate in the mediation. Mr. Hamilton demanded the policy limits of $250,000.00, and Mr. Bick, on behalf of American Family, set his reserve at $100,000.00 and requested that Mr. Hamilton provide a demand less than the policy limits, but never received one. American Family offered a settlement range of $25,000.00 to $140,000.00 at the mediation, but this was rejected by Mr. Hamilton. Mr. Bick never offered Mr. Hamilton the reserve amount of $100,000.00, and no negotiation occurred. On March 10, 2010, the trial court denied Mr. Key's motion for summary judgment on the issue of his duty to Mr. Key. Following this ruling, American Family still refused to offer its reserve amount to settle Mr. Hamilton's claim, and necessarily did not offer the policy limit of $250,000.00.

The case against Mr. Key subsequently went to trial and the jury found in favor of Mr. Hamilton. The jury returned a verdict against Mr. Key in the net amount of $990,000.00, which was based upon a gross verdict of $2.2 million with 45% fault allocated to Mr. Key. On July 8, 2010, American Family filed a notice of appeal, raising the issue of Mr. Key's general duty, lack of assumption of such a duty, lack of proximate cause, and lack of evidence of negligence. On February 28, 2012, the Indiana Court of Appeals affirmed the trial court decision, finding that a motorist who halts his own lane of traffic and signals another driver to proceed across his lane can be liable to a third party who collides with the signaled driver in an adjacent lane. *See Key v. Hamilton*, 963 N.E.2d 573, 581-84 (Ind. App. 2012). American Family paid the automobile policy limits of $250,000.00, and post-judgment interest in the amount of $40,156.00.

Mr. Key filed bankruptcy on October 25, 2010, with the primary debt being the judgment in favor of Mr. Hamilton. Mr. Key's bankruptcy was discharged on February 2, 2011, and the Trustee retained counsel to pursue the instant case on behalf of Mr. Key's bankruptcy estate. Mr. Key did not sign a post-judgment assignment, which would have assigned any failure to settle the claim Mr. Key had against American Family to Mr. Hamilton. The claim against American Family was the only remaining asset of the estate. This claim asserts that American Family acted in bad faith in its refusal to settle Mr. Hamilton's claims for the policy limits, resulting in the excess verdict against Mr. Key at trial. Additional facts will be addressed below as necessary.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). Even where the facts themselves are not in dispute, summary judgment is inappropriate if alternate inferences can be drawn from the available evidence. *Hines v. British Steel Corp.*, 907 F.2d 726, 728 (7th Cir. 1990). "In much the same way that a court is not

required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III. DISCUSSION

As stated earlier, there are two matters before the Court, American Family's Motion for Summary Judgment and their Motion to Strike Plaintiff's Designation of Matters. Necessarily, the Court will first address the Motion to Strike.

**A. Motion to Strike**

American Family filed a motion to strike objecting to the admissibility of and reliance upon the affidavits of Jacob Key, Robert Dietz ("Mr. Dietz") and Mark Dudley ("Mr. Dudley"). American Family argues that Mr. Key's affidavit contradicts portions of his deposition testimony; that Mr. Dietz's expert testimony is not admissible under Federal Rule of Evidence 702, as well as Federal Rule of Civil Procedure 26(a); and that Mr. Dudley's affidavit does not properly authenticate the designated police reports, and his affidavit and the reports are inadmissible hearsay.

Once again, the Court notes that American Family's motion is filed in violation of several Local Rules. (See Dkt. 75). First, the motion violates Local Rule 7-1, which requires that all motions be filed separately, with the exception of alternative motions. American Family's purported motion poses a *Daubert* challenge to the Trustee's expert witness, a challenge under

Federal Rule of Civil Procedure 26, as well as an objection to the admissibility of Mr. Key's affidavit for purposes of the summary judgment motion. These motions are not sufficiently related such that they may be filed in the same document. Second, the motion fails to comply with Local Rule 5-1(b), which requires that all documents filed with this Court be in 12 point font. Additionally, while the motion technically complies with the requirement that motions be double spaced with the exception of quoted material, American Family takes excessive liberties with the use of single spaced quoted material. Based upon these violations, American Family's motion is stricken. Because the trial date is in 32 days, there is insufficient time to allow an amended motion. Nevertheless, having reviewed American Family's objections the Court finds that the objectionable evidence is not material to the Court's ruling in this Entry, and the Court need not rely upon any challenged evidence in making it's ruling on summary judgment. Further, the Court has not relied on any inadmissible evidence in ruling on American Family's motion for summary judgment. Additionally, the Court notes that a similar motion to exclude testimony of Robert Dietz during trial, (Dkt. 78) has been filed and the Court will issue a ruling on the merits of this motion. Therefore, American Family's motion to strike is **DENIED**.

**B.**     **Standing**

Another preliminary issue that must be addressed is whether the Trustee has standing to bring this action against American Family. American Family argues that this claim is an impermissible direct action brought on behalf of a single creditor, Mr. Hamilton. A bankruptcy trustee may only maintain general claims as an assignee for the benefit of all of the debtor's creditors, and may not maintain "personal" claims of creditors in which no other claimant or creditor has an interest in the cause. *Fisher v. Apostolou*, 155 F.3d 876, 879-80 (7th Cir. 1998).

American Family argues that the Trustee is improperly attempting to recover a personal judgment for Mr. Hamilton, and as such has no standing to bring Mr. Hamilton's claim. However, the undisputed facts show that Mr. Key did not assign this claim to Mr. Hamilton by executing an assignment agreement, thus any claims he has against American Family for failure to act in good faith remained with him, and ultimately, with the bankruptcy estate as one of Mr. Key's assets. Mr. Hamilton is not a named plaintiff, and nowhere does the Trustee claim that this action is being brought on behalf of Mr. Hamilton. Ultimately, it will be left to the Bankruptcy Court to determine what portion of any possible recovery from this lawsuit, if any, will be allocated between Mr. Hamilton's judgment against Mr. Key and Mr. Key's remaining creditors. Therefore, the Court concludes that the Trustee does have standing in this action.

**C.      Breach of Contract and Duty of Good Faith**

   **1.      Breach of Contract**

The Trustee's Complaint alleges that American Family breached the insurance contract and its duty of good faith by refusing to pay the policy proceeds to Mr. Hamilton prior to trial, and placed its own interests ahead of the interests of its insured. An insured who believes that an insurance claim has been wrongly denied may proceed under a contract or tort theory, each with separate, although often overlapping, elements, defenses, and recoveries. *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 520 (Ind. 1993). The Trustee does not point to a specific provision of the insurance contract that he alleges American Family breached; rather, the claim is based upon the theory that Mr. Key suffered damages due to American Family's decision to go to trial versus settle Mr. Hamilton's claim. Because this failure to settle is based upon allegations that American Family breached its implied duty of good faith, the Court concludes that the Trustee has alleged a cause of action that lies in tort rather than contract. *See Catt ex rel.*

*Skeans v. Affirmative Ins. Co.*, No. 208-CV-00243-JVB, 2009 WL 2175986, at * 8 (N.D. Ind. July 21, 2009), *report and recommendation adopted as modified*, 2:08-CV-243JVB, 2010 WL 456998 (N.D. Ind. Feb. 3, 2010) (Insurer's alleged breach of its implied duty to act in good faith by failing to settle the underlying claim alleges a cause of action that lies in tort rather than contract). Therefore, to the extent the Trustee's claim is one for breach of contract, summary judgment is **GRANTED**.

## 2. Breach of Duty of Good Faith

"Indiana courts impose a duty on insurance companies to deal in good faith with their insureds." *Econ. Fire & Cas. Co. v. Collins*, 643 N.E.2d 382, 386 (Ind. Ct. App. 1994) (citing *Hickman*, 622 N.E.2d at 520; *Certain Underwriter's of Lloyd's v. Gen. Acc. Ins. Co.,* 909 F.2d 228 (7th Cir. 1990)). The insurer's obligation of good faith and fair dealing includes, *inter alia*, an obligation to refrain from making an unfounded refusal to pay policy proceeds and deceiving the insured. *Hoosier Ins. Co. v. Audiology Found. of Am.*, 745 N.E.2d 300, 310 (Ind. Ct. App. 2001). A good faith dispute about the amount of a valid claim will not supply the grounds for recovery in tort for the breach of the obligation to exercise good faith, nor will lack of diligent investigation alone support such an award. *Id*. On the other hand, an insurer which denies liability knowing there is no rational, principled basis for doing so has breached its duty of good faith. *Id*. While interpretation of an insurance contract itself is a question of law particularly appropriate for summary judgment, fact issues may preclude summary judgment in favor of an insurer on an insured's bad faith claim. *Id*.

This case is not about interpretation of the insurance policy; rather, it concerns whether American Family's decision to not settle, and instead go to trial resulting in an excess judgment against Mr. Key, breached its duty of good faith. The "determination of whether an insurer has

committed a tort in addition to breaching its contract . . . involves both questions of fact and mixed questions of fact and law." *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 868 (7th Cir. 1994). American Family states that its counsel evaluated Mr. Hamilton's claim at $110,000, but never offered the reserve amount of $100,000.00 during negotiations. Likewise, despite Mr. Hamilton's demand that was equal to the policy limit, American Family still refused to pay this amount, even with knowing that Mr. Hamilton's medical expenses alone were almost twice that amount. In addition, the Trustee presents evidence that American Family failed to fully investigate the claim or dispute Mr. Hamilton's injuries. The failure to investigate alone will not form a basis for liability for breach of the duty of good faith, but it is a factor that may be considered in making such a determination.

There is a dispute of fact regarding the inferences that could be drawn from these facts, and a reasonable factfinder could infer that American Family's refusal to settle for the policy limits, or to offer even its reserve during mediation, was unreasonable and a breach of their duty to deal with Mr. Key in good faith by not giving adequate consideration to his potential financial exposure at trial, and whether American Family placed its interests over that of its insured. *See Certain Underwriters of Lloyd's*, 909 F.2d at 231-32 (the duty of good faith forces the insurer to not only consider its monetary interests in deciding whether to settle, but also the risk that the insured will bear the risk of an excess verdict). It has long been recognized in Indiana that insurance companies have the right to assert a good faith defense to liability, and even the right to fail in that defense. *Vernon Fire & Cas. Ins. Co. v. Sharp*, 349 N.E.2d 173, 180 (Ind. 1976). However, the Court agrees that insurers should not have an unfettered right to "gamble" with insureds' money, and it is for the trier of fact to determine whether, under the circumstances, American Family's gamble was unreasonable.

American Family argues that in order to prove that it breached its duty to act in good faith, the Trustee must prove his claim by clear and convincing evidence. The "clear and convincing evidence" standard is applicable to claims that the insured is entitled to punitive damages, not general liability for an excess judgment against an insured. *Hickman*, 622 N.E.2d at 520. American Family is incorrect in asserting that the payment of a verdict in excess of the policy limits as a result of bad faith on the part of the insurer constitutes punitive damages, and conflates the notion of actual and punitive damages in excess verdict cases. *See* Dkt. 76 at 23. "[T]he entry of judgment itself against an insured constitutes *actual damage* because it impairs the insured's credit, places a cloud on title of an insured's exempt estate, impairs the insured's ability to apply for loans, and damages the insured's reputation." *Economy Fire & Cas. Co. v. Collins*, 643 N.E.2d 382, 385 (Ind. Ct. App. 1994) (emphasis added). Punitive damages, on the other hand, are for the purpose of punishing the defendant and deterring it and others from like conduct in the future. *Hickman*, 622 N.E.2d at 520. Thus, to recover actual damages in an excess judgment case, regardless of whether American Family attempts to distinguish a "bad faith" claim from "breach of duty to deal in good faith," the insured (or in this case, the Trustee) does not need to meet the same standard of proof as is required for punitive damages.

The Court finds that while there may be a question for the factfinder regarding whether American Family's actions in refusing to settle Mr. Hamilton's claim against Mr. Key, including the means by which American Family handled the negotiations, breached its duty of good faith, the Trustee has not presented clear and convincing evidence from which a jury could conclude that the imposition of punitive damages is warranted. *See McLaughlin*, 30 F.3d at 866 ("[W]here the substantive law mandates a "clear and convincing" standard of proof . . . the court in disposing of a summary judgment motion must consider whether a reasonable factfinder could

conclude that the plaintiff had sufficient evidence to meet that burden."). The Trustee has not presented sufficient evidence to support a finding that American Family acted with malice, fraud, gross negligence, or oppressiveness, and a mere finding by a preponderance of the evidence that American Family committed the tort of failure to act in good faith would not justify the imposition of punitive damages. *Hickman*, 622 N.E.2d at 520.

The Court finds that there is a question of material fact as to whether American Family's actions in defending Mr. Key breached the implied duty of good faith; therefore, summary judgment on the Trustee's breach of good faith claim is **DENIED**. However, because the Trustee has not presented sufficient evidence to support a finding of malice, fraud, gross negligence, or oppressiveness, to the extent the Trustee seeks punitive damages on his claim against American Family for failure to settle, summary judgment is **GRANTED**.

### IV. CONCLUSION

For the forgoing reasons, American Family's Motion for Summary Judgment (Dkt. 55) is **GRANTED in part** and **DENIED in part**. Summary judgment on the breach of contract claim and any claim for punitive damages is **GRANTED** and these claims are **DISMISSED**. Summary judgment on the breach of the duty to act in good faith is **DENIED**. Further, American Family's Motion to Strike (Dkt. 66) is **DENIED**.

SO ORDERED.

Date: 05/05/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark K. Dudley
HOWARD DELEY & DUDLEY
markdudley@hddlawyers.com

Robert Scott O'Dell

O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com